| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Donald E. J. Kilmer, Jr. (SBN: 179986)<br>Law Offices of Donald Kilmer, APC<br>1645 Willow Street, Suite 150<br>San Jose, California 95125<br>Phone: (408) 264-8489<br>Fax: (408) 264-8487<br>E-Mail: Don@DKLawOffice.com<br><br>Attorney for Defendant:<br>STEVEN VARGEM |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ONE MACHINE GUN / SHORT BARRELED RIFLE AND 28 MISCELLANEOUS FIREARMS AND AMMUNITION.<br><br>　　　　　Defendant.<br><br>STEVEN VARGEM,<br>　　Claimant and<br>　　Real Party in Interest (RPI). | CASE NO.: CV 10-04766 HRL<br><br>Related (Lead) Case No.: CR 10-00729 JW<br><br>**VERIFIED ANSWER TO COMPLAINT FOR CIVIL FORFEITURE AND CLAIM**<br><br>**CLAIMANT/RPI DEMANDS A JURY** |

　　　Claimant and Real Party in Interest (RPI) STEVEN VARGEM, by and through undersigned counsel, answers the complaint for civil forfeiture in this action and hereby asserts his right to claim all property seized from him by the United States Government and/or the State of California acting in concert with the United States Government.  Furthermore, Claimant/RPI - STEVEN VARGEM reserves the right to seek leave to amend this answer and file counterclaims as allowed by law.

No admissions or denials are intended by this Answer/ Claim regarding any headings or sub-headings of any portion of the Complaint.

Introduction

Based on the Attorney/Client communication privilege and availability of state law remedies available for modifying and/or withdrawing pleas in State Court, Claimant/RPI is unable to admit or deny the allegations set forth in the Introduction to the Complaint, and therefore denies those allegations at this time.

1. Claimant/RPI admits that this Court has jurisdiction pursuant to Title 28, United States Code § 1345 and 1355. Claimant/RPI lacks sufficient information or belief to admit or deny that this Court has jurisdiction pursuant to Title 18, Unites States Code § 924(d) and therefore denies this allegation. Claimant/RPI lacks sufficient information or belief to admit or deny that this Court has jurisdiction pursuant to Title 26, Unites States Code § 5872 and therefore denies this allegation.

2. Claimant/RPI currently lacks sufficient information or belief to admit or deny that this action was timely filed in accordance with Title 18, United States Code § 983(a)(3)(A) and 924(d)(1), and therefore denies this allegation at this time.

3. Claimant/RPI admits this allegation.

4. Claimant/RPI admits this allegation.

5. Claimant/RPI admits this allegation.

6. Claimant/RPI admits this allegation and reserves the right to file counterclaims adding additional items of property that were seized. However, Claimant/RPI denies that item 6.A. is a machine gun.

7. Claimant/RPI incorporates by reference his admissions and denials set forth in paragraphs one through six.

8. Based on the Attorney/Client communication privilege and availability of

| | | |
|---|---|---|
| 1 | | state law remedies available for modifying and/or withdrawing pleas in State |
| 2 | | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶ |
| 3 | | 8, and therefore denies those allegations at this time. |
| 4 | 9. | Based on the Attorney/Client communication privilege and availability of |
| 5 | | state law remedies available for modifying and/or withdrawing pleas in State |
| 6 | | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶ |
| 7 | | 9, and therefore denies those allegations at this time. |
| 8 | 10. | Claimant/RPI currently lacks sufficient information or belief to admit or deny |
| 9 | | the allegations set forth in ¶ 10, and therefore denies this allegation at this |
| 10 | | time. |
| 11 | 11. | Based on the Attorney/Client communication privilege and availability of |
| 12 | | state law remedies available for modifying and/or withdrawing pleas in State |
| 13 | | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶ |
| 14 | | 11, and therefore denies those allegations at this time. |
| 15 | 12. | Based on the Attorney/Client communication privilege and availability of |
| 16 | | state law remedies available for modifying and/or withdrawing pleas in State |
| 17 | | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶ |
| 18 | | 12, and therefore denies those allegations at this time. |
| 19 | 13. | Claimant/RPI currently lacks sufficient information or belief to admit or deny |
| 20 | | the allegations set forth in ¶ 13, and therefore denies this allegation at this |
| 21 | | time. |
| 22 | 14. | Based on the Attorney/Client communication privilege and availability of |
| 23 | | state law remedies available for modifying and/or withdrawing pleas in State |
| 24 | | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶ |
| 25 | | 14, and therefore denies those allegations at this time. |
| 26 | 15. | Claimant/RPI admits this allegation. |
| 27 | 16. | Based on the Attorney/Client communication privilege and availability of |
| 28 | | state law remedies available for modifying and/or withdrawing pleas in State |

|   |     |                                                                                 |
|---|-----|---------------------------------------------------------------------------------|
| 1 |     | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶   |
| 2 |     | 16, and therefore denies those allegations at this time.                        |
| 3 | 17. | Based on the Attorney/Client communication privilege and availability of        |
| 4 |     | state law remedies available for modifying and/or withdrawing pleas in State    |
| 5 |     | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶   |
| 6 |     | 17, and therefore denies those allegations at this time.                        |
| 7 | 18. | Based on the Attorney/Client communication privilege and availability of        |
| 8 |     | state law remedies available for modifying and/or withdrawing pleas in State    |
| 9 |     | Court, Claimant/RPI is unable to admit or deny the allegations set forth in ¶   |
| 10|     | 18, and therefore denies those allegations at this time.                        |
| 11| 19. | Claimant/RPI currently lacks sufficient information or belief to admit or deny  |
| 12|     | the allegations set forth in ¶ 19, and therefore denies this allegation at this |
| 13|     | time.                                                                            |
| 14| 20. | Claimant/RPI currently lacks sufficient information or belief to admit or deny  |
| 15|     | the allegations set forth in ¶ 20, and therefore denies this allegation at this |
| 16|     | time.                                                                            |
| 17| 21. | Claimant/RPI incorporates by reference his admissions and denials set forth     |
| 18|     | in paragraphs one through 20.                                                   |
| 19| 22. | Admit.                                                                          |
| 20| 23. | Admit.                                                                          |
| 21| 24. | Admit.                                                                          |
| 22| 25. | Deny.                                                                           |
| 23| 26. | Claimant/RPI incorporates by reference his admissions and denials set forth     |
| 24|     | in paragraphs one through 24.                                                   |
| 25| 27. | Admit.                                                                          |
| 26| 28. | Admit.                                                                          |
| 27| 29. | Admit.                                                                          |
| 28| 30. | Deny.                                                                           |

### AFFIRMATIVE DEFENSES

31. This Court lacks Subject Matter Jurisdiction.

32. All of the property subject to these proceedings were illegally seized in violation of the Fourth Amendment to the United States Constitution.

33. The property subject to these proceedings enjoy a legal status greater than mere property as they are arms within the definition of the Second Amendment to the United States Constitution, therefore the government's burden of proof necessary to seize and hold such property must be greater than probable cause and/or preponderance of evidence standard.

34. Claimant/RPI has a fiduciary duty, under California Community Property Law, to assert his wife's innocent ownership of the property subject to these proceedings, and hereby asserts that duty and her rights for her benefit.

35. The complaint in this action was not properly served on Claimant/RPI STEVEN VARGEM.

36. The complaint in this action was not timely served on Claimant/RPI STEVEN VARGEM.

37. The complaint in this action was not timely filed.

38. The forfeiture of this property, in addition to the potential criminal punishment and fines if Claimant/RPI is convicted in the related criminal action, would be a grossly disproportionate punishment in violation of the Eighth Amendment's Excessive Fines Clause, and *Austin v. United States*, 509 U.S. 602 (1993).

### COUNTERCLAIMS

39. Claimant/RPI - STEVEN VARGEM seeks return of all property listed in the complaint, and/or the right to direct the sale of said property through a licensed firearms dealer for his (and his wife's) benefit.

40. Claimant/RPI - STEVEN VARGEM reserves the right to amend his

1  counterclaims after a reasonable period of discovery to determine if
2  additional items were seized that are not currently disclosed in the
3  Complaint.
4  41. Claimant/RPI - STEVEN VARGEM reserves the right to seek injunctive and
5  declaratory relief, in addition to any damages, against any state and/or
6  federal agent found to have violated his constitutional rights pursuant to 42
7  U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of the Federal*
8  *Bureau of Narcotics*, 403 U.S. 388 (1971).
9
10 WHEREFORE, Claimant/RPI prays:
11  1. That this action be dismissed;
12  2. That his property be returned to him;
13  3. That he be awarded reasonable attorneys fees and costs; and
14  4. For such other and further relief as may be deemed just and equitable.
15
16  **VERIFICATION BY CLAIMANT/RPI**
17  I, Steven Vargem, declare that I have read this Answer/Claim and to those
18 items alleged on information and belief, I believe them to be true; as to those items
19 unequivocally admitted and/or denied, they are so admitted/denied based on my
20 own personal knowledge.   I declare this to be true under penalty of perjury under
21 the laws of California and the United States, and I further declare that this
22 verification was executed in San Jose, CA on December 2, 2010.
23  _____
24  STEVEN VARGEM, Claimant/RPI
25
   Respectfully Submitted, on December 2, 2010,
26
      /s/
27 Donald Kilmer,
   Attorney for Steven Vargem
28 Don@DKLawOffice.com