UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONE MACHINE GUN/SHORT BARRELED RIFLE AND MISCELLANEOUS FIREARMS AND AMMUNICATION,<br><br>　　　　　Defendant. | Case No.  5:10-cv-04766 EJD<br><br>**ORDER FOR ADDITIONAL BRIEFING**<br><br>Re: Dkt. No. 29 |

　　　　This *in rem* forfeiture action was initiated by Plaintiff United States of America (the "Government") on October 21, 2010, in conjunction with a federal criminal action against Real Party In Interest Steven Vargem ("Vargem").  See United States v. Vargem, Case No. 5:10-cr-00729 EJD.  The Indictment filed in the criminal action contains two felony counts.  The first charged Vargem with illegal possession of a machine gun in violation 18 U.S.C. §§ 922(o) and 924(a)(2) and alleged that Vargem "did knowingly possess a machine gun, that is, a Heckler and Koch model SP89 9mm pistol, serial number 21-15341 . . . ."  The second charged Vargem with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 and alleged that Vargem "knowingly received and possessed a firearm, that is, a Heckler land Koch model SP89 9mm pistol, serial number 21-15341 . . . ."  The Indictment also contains two forfeiture allegations under 18 U.S.C. § 924(d) and 26 U.S.C. § 5872 stating that upon conviction

1

Case No.: 5:10-cv-04766 EJD
ORDER FOR ADDITIONAL BRIEFING

Vargem shall forfeit any firearm or ammunition involved in or used in the charged offenses.

The criminal action proceeded to a court trial on stipulated facts. For its part, the Government proffered evidence of only one firearm, the aforementioned Heckler and Koch model SP89 9mm pistol, serial number 21-15341, as proof of Vargem's violations. Vargem was convicted on both counts charged in the Indictment and an Amended Judgment was entered on May 21, 2014. The Amended Judgment requires Vargem to forfeit one firearm - the Heckler and Koch model SP89 9mm pistol, serial number 21-15341.

According to the Complaint filed in this action, the Government seeks forfeiture of 29 firearms and 7 types of ammunition, including the Heckler and Koch model SP89 9mm pistol, serial number 21-15341, seized by the San Jose Police Department during a 2010 search of Vargem's home pursuant to a warrant. Alternatively, the Government seeks an order authorizing the destruction of Vargem's firearms and ammunition.

Presently before the court is the Government's Motion for Summary Judgment, which, if granted in its entirety, would award the Government complete relief. See Docket Item No. 29. Having reviewed the Government's Motion and supporting evidence, however, the court has several concerns regarding the permissible scope of this forfeiture proceeding. Accordingly, on or before **December 5, 2014**, the Government shall file and serve an additional brief, not exceeding 15 pages, along with any additional supporting evidence, responding to the following questions:

1. As in the criminal action, the Government's forfeiture claims in this case arise under 18 U.S.C. § 924(d) and 26 U.S.C. § 5872. Both of these statutes limit forfeiture only to those firearms and quantities of ammunition involved in the underlying violations of federal law. See 18 U.S.C. §§ 924(d)(1), (d)(2)(C); 5872(a). Here, the firearm that formed the basis of Vargem's federal convictions was the Heckler and Koch model SP89 9mm pistol, serial number 21-15341, and is the only firearm identified in the criminal judgment.

The court understands that Vargem's convictions may preclude the Government from returning the firearms to him. But here the Government seeks an order terminating any right Vargem may have in the property.

     (a)     Accordingly, on what authority, and based on what evidence, may the court order the forfeiture of any firearms or quantities of ammunition in addition to the Heckler and Koch model SP89 9mm pistol, serial number 21-15341, since neither those additional firearms nor those quantities of ammunition were involved in the underlying violations of federal law?

     (b)     Many of the cases cited by the Government involve proceedings under Federal Rule of Civil Procedure 41(g).  The instant action does not arise under that Rule.  Does this distinction make a difference?  Similarly, does the fact that Vargem filed an answer and claim distinguish this action from <u>United States v. Miscellaneous Firearms, Silencers and Ammunition</u>, Case No. 5:03-cv-1920 RMW?

     2.     Assuming 18 U.S.C. § 922(g) provides authority for the forfeiture order sought by the Government, does that section require proof of an interstate commerce connection for each firearm and quantity of ammunition at issue in this case?  If it does, what evidence demonstrates such a connection as to the quantities of ammunition identified in the Complaint and Motion for Summary Judgment?

     3.     Storage costs and other equitable considerations aside, under what specific authority may the court order destruction of the firearms and quantities of ammunition if they are determined subject to forfeiture?

Vargem may file and serve a brief in response to the Government's filing on or before **December 19, 2014**.  No reply will be considered and should not be filed.

**IT IS SO ORDERED.**

Dated: November 21, 2014

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cv-04766 EJD
ORDER FOR ADDITIONAL BRIEFING