United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ONE MACHINE GUN/SHORT BARRELED RIFLE AND MISCELLANEOUS FIREARMS AND AMMUNICATION,

Defendant.

Case No. 5:10-cv-04766-EJD

**ORDER RE: PENDING MOTIONS**

Re: Dkt. Nos. 29, 31, 40

Presently before the court in this civil forfeiture action are three motions: (1) a motion for summary judgment filed by Plaintiff United States of America (the "Government") (Docket Item No. 29); (2) a motion to dismiss filed by Real Part In Interest Steven Lee Vargem ("Vargem") (Docket Item No. 31); and (3) a Motion to Suppress filed by Vargem (Docket Item No. 40). As to these motions, the court orders as follows:

1. Since the Government has demonstrated more than one basis for federal subject matter jurisdiction, and because Vargem cannot be relieved from his criminal conviction through this action nor obtain the defendant firearms or quantities of ammunition due to his status as a felon, Vargem's motion to dismiss is DENIED. See 28 U.S.C. § 1355(a) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."); see also 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly

authorized to sue by Act of Congress."); see also United States v. Ursery, 518 U.S. 267, 292 (1996) (holding that "in rem civil forfeitures are neither 'punishment' nor criminal"); see also 18 U.S.C. § 922(g) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

2. Vargem's motion to suppress raises arguments duplicative of those adjudicated against him in the related criminal action and affirmed on appeal. See United States v. Vargem, 566 Fed. Appx. 580 (9th Cir. 2014). That motion is also DENIED.

3. As to the motion for summary judgment, it appears the Government initially argued that it was entitled to complete relief because the defendant firearms and quantities of ammunition could not be restored to Vargem's possession pursuant to 18 U.S.C. § 922(g). However, in response to a request for additional briefing, the Government appears to have either changed or refined its theory, arguing there that forfeiture was instead justified under 18 U.S.C. § 924(d). But other than a fleeting reference to that statute in relation to the discussion of another case, the Government presented no argument under § 924(d) in its original motion. Nor did it discuss much of the evidence it raised in support of forfeiture under § 924(d), which notably applies a higher evidentiary standard to claims of forfeiture based on an intent to use firearms or ammunition in an offense.

Furthermore, the Government has since withdrawn its request for an order authorizing destruction of the defendant firearms and quantities of ammunition in light of the United States Supreme Court's decision in Henderson v. United States, 135 S. Ct. 1780 (2015). Arguments in support of such an order occupied much of the Government's summary judgment briefing.

Under these circumstances, the court cannot reconcile the Government's arguments without crossing the line between neutral arbiter and advocate. Moreover, given the extent of new argument and evidence raised in response to the order for further briefing, the court is not satisfied that Vargem has been permitted sufficient opportunity to respond to all of the Government's

United States District Court
Northern District of California

current arguments, whatever they may be at this point.

Accordingly, the Government's motion for summary judgment is DENIED WITHOUT PREJUDICE. Absent some alternative resolution of this action, the Government shall serve and file a new Motion for Summary Judgment on or before **October 2, 2015.** Any opposition to the motion should be filed on or before **October 16, 2015.** Any reply should be filed on or before **October 23, 2015**, at which time the motion will be deemed submitted for decision unless the court orders otherwise.

The parties are referred to Section IV of the undersigned's Standing Order for Civil Cases which contains the requirements for motions for summary judgment. The Government is advised that any renewed summary judgment motion must present a comprehensive argument tailored to the facts of this case and must include all evidence upon which the motion relies. The Government is further advised that it must discuss each defendant firearm and quantity of ammunition *individually* and explain why each particular defendant is subject to forfeiture.

**IT IS SO ORDERED.**

Dated: August 28, 2015

EDWARD J. DAVILA
United States District Judge