BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CABN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
FAX: (415) 436-7234
david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE MACHINE GUN / SHORT BARRELED RIFLE AND 28 MISCELLANEOUS FIREARMS AND AMMUNITION,<br><br>Defendant. | CASE NO. 10-04766 EJD<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER TO DESTROY CERTAIN FIREARMS AND AMMUNITION; AND MOTION FOR SUMMARY JUDGMENT OF FORFEITURE AND OPPOSITION TO MOTION TO DISMISS BY CLAIMANT STEVEN VARGEM** |

## INTRODUCTION

On October 15, 2015, acting *pro se*, filed a Motion to Dismiss for lack of jurisdiction and lack of standing in opposition to the instant motion. Docket No. 48 1:19-24. Vargem's argument is that the United States of America is a private corporation registered in Delaware, and it lacks both jurisdiction and standing. Similarly, Vargem claims that the National Firearms Act is unenforceable because the IRS is a private corporation registered in Delaware. As discussed below, this argument is legally frivolous. Additionally, Vargem's Motion to Dismiss is untimely. For the foregoing reasons, the Court

should deny the Motion to Dismiss and grant the relief requested by the government.

## ARGUMENT

### A. The United States of America Has Standing and Jurisdiction

Vargem acknowledges that this Court has already determined that the "UNITED STATES (a.k.a GOVERNMENT)" has standing. Docket No. 48 at 6:22-24. However, Vargem claims the United States of America is not the United States Government. He claims it is a Delaware corporate entity that has no powers to enforce this Nation's laws:

> The problem that arises with the case at bar is the plaintiff is: UNITED STATES OF AMERICA [SIC] a corporate entity twice registered in the state of Delaware. Congress has conferred legal standing on the "UNITED STATES" to sue and be sued at 28 U.S.C. § 1345 and 1346, respectively: Congress has NOT conferred comparable legal standing upon the "UNITED STATES OF AMERICA" to sue, or be sued, as such.

Docket No. 48 6:24-7:2.

Similarly, Vargem argues that "[t]he IRS is a corporate entity registered in Delaware of the corporation d.b.a. FEDERAL RESERVE". *Id.* at 9:14-15. Based on this, he seems to argue that because 26 U.S.C. § 5801 *et seq* – the laws pertaining to machine guns – are codified in the Internal Revenue Code, they are "private law" which is inapplicable to him because he "never knowingly with full disclosure entered into contract with the private corporation d.b.a. FEDERAL RESERVE or IRS." *Id.* at 9:14-22.

These arguments are the same as ones rejected as "legally frivolous" by courts in the Ninth and Tenth Circuits. In *United States v. Dawes*, the defendants argued that the United States lacked standing and the district court lacked subject matter jurisdiction because (1) "United States of America" and "United States" are not synonymous, and the United States of America is not the proper plaintiff under 28 U.S.C. § 1345; and (2) the Internal Revenue Service (IRS) is not an agency of the United States. 161 Fed. Appx. 742, 745-746 (10th Cir. 2005). On appeal, the Tenth Circuit found that both arguments were "legally frivolous and do not merit further comment." *Id.* *See also United States v. Rice,* 2012 U.S. Dist. LEXIS 102023 (D. Nev. July 23, 2012) (finding distinction between the "United States of America" and "United States" is "entirely frivolous and without legal basis"); *United States v. Davis*, 2012 U.S. Dist. LEXIS 102016 (D. Nev. July 23, 2012) (same).

**B. Vargem's Motion to Dismiss is Untimely**

The authority to file a motion to dismiss for lack of subject-matter jurisdiction is provided by FRCP 12(b)(1). However, FRCP 12(b) also states that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." An answer is a responsive pleading. FRCP 12(a)(1)(A).

On December 2, 2010, Vargem filed an Answer to the government's forfeiture complaint. Docket No. 8. The instant motion to dismiss was filed on October 15, 2015, nearly five years later. Thus, the instant motion to dismiss is untimely.

## CONCLUSION

Based on the foregoing, the government respectfully requests the Court deny Vargem's Motion to Dismiss and grant the Motion to Destroy and Motion for Summary Judgment filed by the government.

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

Dated:

DAVID B. COUNTRYMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of

- Government's Reply in Support of Its Motion for an Order to Destroy Certain Firearms and Ammunition; and Motion for Summary Judgment of Forfeiture and Opposition to Motion to Dismiss by Claimant Steven Vargem

to be served this date via United States first class mail delivery upon the person(s) below at the place(s) and address(es) which is the last known address(es):

Steven Lee Vargem
335 Almond Drive
Lodi, CA 95240

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 20th of October, 2015, at San Francisco, California

Carolyn Jusay

CAROLYN JUSAY
Asset Forfeiture Unit
FSA Paralegal