UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ONE MACHINE GUN/SHORT BARRELED RIFLE AND MISCELLANEOUS FIREARMS AND AMMUNICATION,<br><br>　　　　Defendant. | Case No.  5:10-cv-04766-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 46 |

In this in rem forfeiture action, the government seeks destruction, forfeiture, and transfer of firearms belonging to Steven Vargem. The government moves for summary judgment. Vargem (appearing pro se) has not filed an opposition brief. The government's motion will be GRANTED.

**I.　BACKGROUND**

Law enforcement seized approximately thirty firearms from Vargem's residence in 2010. Pl.'s Mot. for Summ. J. ("MSJ") 2, Dkt. No. 46. Following a bench trial, Vargem was convicted of possessing a machine gun (a felony). Id. at 3. Many of the firearms at issue in this action are classified as machine guns or assault weapons. Id. at 3–4. None of them are registered. Id.

**II.　LEGAL STANDARD**

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Samuels v. Holland American Line—USA Inc., 656 F.3d 948, 952 (9th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The Court "must draw all reasonable inferences in favor of the nonmoving party." Id. "The central issue is 'whether the

Case No.: 5:10-cv-04766-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)). Pro se pleadings and motions should be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

## III. DISCUSSION

First, the government seeks destruction of ten firearms that are classified as assault weapons. MSJ 4–5. Under California law, private citizens may not possess unregistered assault weapons. Id. at 5. Here, the ten weapons at issue have been determined to be assault weapons, and they are unregistered. Id. As such, the government asks that they be destroyed under the All Writs Act, 28 U.S.C. § 1651(a). Id.

Second, the government seeks forfeiture of four firearms that are classified as machine guns. Id. at 6–9. The government argues that these firearms should be forfeited because (1) the firearms qualify as machine guns under the National Firearms Act and (2) Vargem possessed the guns and did not register them in the National Firearms Registration and Transfer Record. Id. at 7–9.

Third, the government seeks the transfer of Vargem's lawfully owned firearms under Henderson v. United States, 135 S. Ct. 1780 (2015) (allowing transfer of a felon's lawfully owned firearms from government custody to a third party). MSJ 9–10.

Vargem has not opposed the government's summary judgment motion. Instead, he filed a motion to dismiss, arguing that this action must be dismissed for lack of standing and jurisdiction. Dkt. No. 48. He acknowledges that the U.S. government has standing, but he argues that the United States of America is a Delaware corporation with no power to enforce federal law:

> The problem that arises with the case at bar is the plaintiff is: UNITED STATES OF AMERICA [SIC] a corporate entity twice registered in the state of Delaware. Congress has conferred legal standing on the "UNITED STATES" to sue and be sued at 28 U.S.C. § I345 and 1346, respectively: Congress has NOT conferred comparable legal standing upon the "UNITED STATES OF AMERICA" to sue, or be sued, as such.

Case No.: 5:10-cv-04766-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
2

Id. at 6–7. Vargem also argues that laws governing machine guns (26 U.S.C. § 5801 et seq.) are unenforceable because the "IRS is a corporate entity registered in Delaware of the corporation d.b.a. FEDERAL RESERVE." Id. at 9.

The Court finds that Vargem's arguments are frivolous and do not warrant further discussion. Other courts have addressed identical arguments and reached the same conclusion. See, e.g., United States v. Dawes, 161 F. App'x 742, 746 (10th Cir. 2005) (finding that the same arguments are "legally frivolous and do not merit further comment"); U.S. v. Rice, Nos. 2:09-cr-00078-JCM, 2:10-cr-00520-JCM, 2012 WL 2995686, at *1 (D. Nev. July 3, 2012) (finding that the same arguments are "entirely frivolous and without legal basis").

## IV. CONCLUSION

The government's motion for summary judgment is GRANTED. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 11, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cv-04766-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
3